UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MKA REAL ESTATE QUALIFIED FUND I, LLC,

    Plaintiff,

    v.

GOTTEX FUND MANAGEMENT, LTD.,

    Defendant.

Case No. 13-cv-03843-WHO

**ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER**

Re: Dkt. No. 10

## INTRODUCTION

Defendant Gottex Fund Management, Ltd. has moved to transfer this action to the Central District of California pursuant to the "first to file" rule or, alternatively, for the convenience of the parties under 28 U.S.C. Section 1404(a). Dkt. No. 10. Plaintiff MKA Real Estate Qualified Fund I, LLC has not opposed the motion. Pursuant to Local Rule 7-1(b), the Court finds this matter suitable for determination on the papers without oral argument and vacates the hearing scheduled for October 23, 2013. The Court finds that transfer is warranted under both the "first to file" doctrine and under Section 1404(a) and GRANTS the motion.

## DISCUSSION

Gottex contends that Gottex-affiliated entities loaned $100 million to MKA Real Estate Opportunity Fund I ("MKA Opportunity Fund"), a fund affiliated with plaintiff MKA Real Estate Qualified Fund I ("MKA Qualified Fund"),[1] secured by real estate pledged by MKA Opportunity

---

[1] MKA Opportunity Fund and MKA Qualified Fund have the same address and the same agent for service of process. *Compare* Dkt. No. 11-1 *with* Dkt. No. 11-2. Their agent is counsel of record

Fund as collateral. On June 18, 2013, Gottex filed suit in the Central District of California based on MKA Opportunity Fund's default and alleging fraudulent transfers of assets and proceeds due to Gottex. *See Gottex Fund Management, Ltd. v. MKA Real Estate Opportunity Fund I, LLC*, Case No. SACV13-922-AG. On June 19, 2013, Gottex filed suit in the Central District seeking to foreclose on the real estate collateral based on the default. *See Gottex Fund Management, Ltd. v. Teton-Mangini Oakley, LLC*, Case No. SACV13-924-AG. Both cases are before the Hon. Andrew Guilford. On June 27, 2013 MKA Real Estate filed this action in Contra Costa Superior Court, seeking to void the deed of trust Gottex is trying to foreclose upon. Gottex removed the action to this Court.

The Court finds that transfer under the "first to file" doctrine is appropriate. The parties and issues in this case and in the cases pending in the Central District are substantially similar as MKA Qualified Fund seeks to void the same deed Gottex is trying to foreclose upon in the Central District action. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (the first to file doctrine is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district"); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (quotation omitted) ("The sameness requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'").

The Court also finds that transfer under Section 1404(a) is warranted. *See* 28 U.S.C.A. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). MKA Qualified Fund could have brought this suit in the Central District originally. Indeed, MKA Qualified Fund originally filed a suit identical to this suit in Orange County Superior Court which was removed to the Central District without objection. Dkt. No. 11 ¶ 8, Ex. 5. That suit was dismissed without prejudice. The traditional Section 1404(a) balancing factors that are not neutral also weigh in favor of transfer: the underlying loan agreement was negotiated in the Central

---

to MKA Qualified Fund in this action.

2

1  District and the relevant witnesses and evidence are located in the Central District.  *See Jones v.*
2  *GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); Dkt. No. 11 ¶¶ 2-4, 6; Dkt. No. 12
3  ¶¶ 8-11, 14.

### CONCLUSION

Gottex's motion to transfer is GRANTED.  This matter is transferred to the Central District of California.

**IT IS SO ORDERED**.

Dated: October 21, 2013

_____
WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California